**IN THE COURT OF APPEALS OF IOWA**

No. 19-1079
Filed November 6, 2019

**IN THE INTEREST OF M.E.,**
**Minor Child,**

**S.T., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher,
District Associate Judge.

A mother appeals the juvenile court decision terminating her parental rights.
**AFFIRMED.**

Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant
mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal)
and Mary A. Triick, Assistant Attorneys General, for appellee State.

Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad
litem for minor child.

Considered by Greer, P.J., Schumacher, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court decision terminating her parental rights. The mother does not challenge the statutory grounds for termination and we find termination of the mother's parental rights is in the child's best interests. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

S.T., mother, and D.E., father, are the parents of M.E., born in 2017. The child was removed from the parents' care on December 20, 2017, based on the parents' unresolved mental-health issues, domestic violence, substance abuse, and unstable living arrangements. The child was placed in foster care. At the time of the removal, the mother had already been involved in services for four years in regard to two older children, who were previously removed from her care.[1] She told social workers that she and the father had been smoking marijuana.

On January 30, 2018, the child was adjudicated to be in need of assistance (CINA), under Iowa Code section 232.2(6)(c)(2) (2017). The court noted the mother was homeless and "has struggled with visits including not coming prepared, coming late, or not attending at all." In the dispositional order, filed on March 20, the juvenile court stated the mother "has participated in mental health therapy, though not consistently," and had not participated in any treatment for substance abuse. At that time the child was moved to the home of a family friend who was willing to adopt the child.

---

[1] The mother's parental rights to another child had been terminated.

In a September 11 review order, the court stated the mother was "minimally engaged in services." The court found the mother was attending individual therapy but "has not engaged in domestic violence or substance abuse services as recommended." In November, the mother's visits were reduced to once per week due to her inconsistent attendance.

On November 16, the State filed a petition seeking termination of the parents' rights. At the termination hearing, the mother testified the child could not be returned to her care at that time. She stated she did not have stable housing. The mother had not attended mental-health therapy for five or six months. She stated she was still in a relationship with the father, although he had not yet addressed the issue of domestic violence.

The juvenile court terminated the mother's parental rights under section 232.116(1)(e), (g), and (h) (2018).[2] The court found termination of the mother's parental rights is in the child's best interests, stating:

> The court's primary consideration is the child's safety. There are ongoing concerns about the safety of the child if returned to the care and custody of either parent. The child cannot be safely returned to this mother or father. The best interest of the child is the primary concern, both long-range and immediate.

The court determined none of the exceptions in section 232.116(3) should be applied. The mother now appeals.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no

---

[2] The father's parental rights were also terminated. He has not appealed.

serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.    Best Interests

The mother does not dispute the statutory grounds for termination of her parental rights, but she claims termination is not in the child's best interests. She asserts there was no evidence she abused substances or presented a safety concern for the child. She states the barriers to the return of the child to her care were largely financial in nature.

In considering the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We conclude termination of the mother's parental rights is in the child's best interests. It was noted at the termination hearing that the mother had been involved in services for almost five years. The mother had the same problems throughout the pendency of this case. The mother had unstable housing and was homeless at times. She did not consistently attend therapy for her mental-health

problems. Additionally, she was inconsistent in attending visitation. The child needs stability and consistency, which the mother is not able to provide.

We affirm the decision of the juvenile court.

**AFFIRMED.**